Ball, J.
Plaintiff, Peter McKenzie (McKenzie) moves for a preliminary injunction enjoining the defendant Commissioner of Department of Revenue (DOR) from levying on the wages, salary, and other income of McKenzie. DOR seeks such a levy in order to collect outstanding withholding taxes allegedly owed by McKenzie’s former employer, Marpet Enterprises (Marpet).
BACKGROUND
McKenzie worked at Marpet from 1990-1994. As Treasurer of Marpet, he was responsible for the overseas sales force and manufacturing, and for paying certain vendors and suppliers. Martin Rubenstein (Rubenstein) was the President of Marpet. Rubenstein’s responsibilities included payroll matters and tax returns. Marpet had a separate computer payroll system and a password for access to that payroll system; only Rubenstein was privy to the password. McKenzie had no access to the payroll account nor did he have any involvement in the payment of withholding taxes. Moreover, Rubenstein alone was responsible for signing tax returns.
DOR held a sort of meeting, which fell short of a “hearing” for due process purposes, on December 13, 1995 with regard to the personal liability of McKenzie for Marpet’s unpaid withholding taxes. DOR subsequently decided that both McKenzie and Rubenstein were “responsible persons” and individually liable for the unpaid taxes. DORissued a Notice of Determination of Personal Liability and Deemed Assessment against McKenzie on January 18, 1996 in the full amount of the outstanding taxes, $141,096.79. DOR’s findings were not recorded or memorialized in writing; in other words, DOR did not set forth any factual basis for its decision.
Marpet has made nine monthly payments to DOR in the amount of $2000.00 each for a total of $18,000.00. McKenzie served DOR with an Application for Abatement on March 15, 1996, which application will eventually be heard by the Appellate Tax Board. It is not until this matter reaches the Board that a “hearing” will be held or that findings will enter. No action has been taken on McKenzie’s Application to date.
On April 26, 1996 DOR served a Notice of Levy on Wages, Salary and Other Income on McKenzie’s new employer, PolyMedica Industries, Inc., instructing PolyMedica to pay over a percentage of McKenzie’s salary to DOR until the levy is paid in full.
McKenzie is responsible for the support of his wife and three minor children. His expenses include a mortgage, taxes, insurance, and utilities.
*734 DISCUSSION
Parenthetically, the court notes that the situation here raises serious due process concerns. DOR is attaching McKenzie’s wages notwithstanding the fact that McKenzie was not afforded a formal hearing. Moreover, DOR provided no factual basis for its determination. At argument, counsel for DOR stated that historically DOR has not engaged in levies at this stage but has begun to do so recently.
McKenzie concedes in his memorandum in support of his motion for injunctive relief that the filing of an abatement does not automatically stay collection of taxes and that, under the present regulatory scheme, it is within the discretion of DOR to levy wages pending the outcome of the administrative remedy. Note, however, that 830 Code Mass. Regs. §62C.31A.l(9)(e) provides that a timely application for abatement is a “pending question” that extends the limitation period for collection of taxes under 830 Code Mass. Regs. §62C.31A. l(14)(c). As a consequence, DOR is not prejudiced here by delaying garnishment until after the Appellate Tax Board acts. In any event, the court determines that, in these circumstances, a preliminary injunction should issue, enjoining DOR from levying McKenzie’s wages.
In determining whether injunctive relief is an appropriate remedy, the court must balance the risk of irreparable harm to the Plaintiff and the Defendant in light of each party’s chance of success on the merits. Planned Parenthood League of Massachusetts, Inc. v. Operation Rescue, 406 Mass. 701, 710 (1990). McKenzie must show that he has a likelihood of success on the merits, that he will incur irreparable harm if the injunction is denied and that such harm outweighs any irreparable harm to DOR. Packaging Industries Group, Inc. v. Cheney, 380 Mass. 609, 617-18 (1980).
There appears to be no state law on the issue of what constitutes a “responsible person” for the purposes of paying withholding taxes pursuant to G.L.c. 62C, §31A and 830 Code Mass. Regs. §620.31A.1. Accordingly the court looks to Federal law in order to determine whether McKenzie has a likelihood of succeeding on the question of whether he is a “responsible person” for purposes of tax assessment.
No one factor is determinative of whether or not an individual is a “responsible person,” rather the court considers the totality of the circumstances in determining liability. Fiataruolo v. U.S., 8 F.3d 930, 939 (2d Cir. 1993). A number of factors are considered when determining whether McKenzie had the requisite control over Marpet to be found a responsible person as a matter of law, i.e. did he have significant control over Marpet’s finances? Id.; U.S. v. Rem, 38 F.3d 634, 642-43 (2d Cir. 1994). The court considers the following:
1) Was McKenzie an officer or member of the Board of Directors; 2) did McKenzie own shares or possess an entrepreneurial stake in Marpet; 3) was McKenzie active in the management of Marpet’s day-to-day affairs; 4) did McKenzie have the ability to hire and fire employees; 5) did McKenzie make decisions regarding which, when, and in what order outstanding debts or taxes will be paid; 6) did McKenzie exercise control over daily bank accounts and disbursement records; and 7) did McKenzie have check signing authority? U.S. v. Rem, supra at 642; Fiataruolo v. U.S., supra at 939. “(T]he significant control test is not meant to ensnare those who have merely technical authority or titular designation.” U.S. v. Rem, supra at 642; Fiataruolo v. U.S., supra at 939, citations omitted.
According to the factual record, McKenzie was Treasurer of Marpet and was responsible for paying certain vendors. Based on his uncontroverted affidavit, McKenzie was not responsible for payroll or other related economic aspects of Marpet and was not involved in preparing state tax returns for Marpet or ensuring that state withholding taxes would be paid. It follows that McKenzie did not make decisions regarding which, when, and in what order outstanding debts or taxes would be paid, nor did he exercise control over daily bank accounts and disbursement records.
Based on the scanty factual record before it, the court is constrained to find that McKenzie has a likelihood of success in meeting his burden of showing that he lacked the “significant control” necessary to make him a responsible person under G.L.c. 62C §31A.
Furthermore, the harm to McKenzie should injunc-tive relief not issue outweighs any harm to DOR. DOR has an adequate remedy at law in the form of money damages if it prevails in this action. In fact DOR can garnish McKenzie’s wages in the future if there is a final determination in its favor. McKenzie is responsible for supporting a family of five and thus the injury to him resulting from a levy on his wages is obvious. It is worth noting that Rubenstein and Marpet offered to pay $6000.00 per month to DOR until the debt is extinguished, but DOR chose to reject this offer.
Based on the foregoing, McKenzie has a substantial likelihood of success on the merits of this action and the irreparable harm that the levy on his wages would cause him outweighs any harm to DOR. Accordingly, DOR is enjoined from levying on the wages, salary and other income of McKenzie until a decision on McKenzie’s Application for Abatement, setting forth the facts on which the determination is based, is rendered.
ORDER
It is hereby ORDERED that McKenzie’s motion for a preliminary injunction is ALLOWED; it is further ORDERED that DOR is enjoined from levying on the wages, salary, and other income of McKenzie until such time as a decision on McKenzie’s Application for Abatement is rendered, setting forth the factual basis for the decision.